IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV265-03-V
(3:02CR235)

| | |
|---|---|
| WILLIAM BUTLER CRAWFORD, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondents. ) ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), on the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, (Document No. 12), and on Petitioner's Reply to the Government's Motion (Document No. 17.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

A review of the record reveals that on November 4, 2002 Petitioner was charged in a Bill of Indictment which alleged that he had committed several federal offenses, including possession with intent to distribute marijuana in violation of 21 U.S.C. § 841, using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (See criminal docket 3:02cr235, Doc. No. 1.) The Government provided notice in the Bill of Indictment that Petitioner qualified as an armed career criminal under 18 U.S.C. § 924(e), alleging that Petitioner had previously been convicted of felonious breaking and entering in the Mecklenburg County Superior Court on February

1

14, 1984; common law robbery in the Mecklenburg County Superior Court on September 13, 1989; and the sale and delivery of cocaine in Mecklenburg County Superior Court on April 15, 1993. Petitioner made his initial appearance before Magistrate Judge McKnight on April 3, 2003 and appeared for arraignment on April 8, 2003, entering a plea of not guilty and requesting a jury trial. (See criminal docket 3:02cr235.)

On April 23, 2003 the Government sent defense counsel a letter together with a proposed plea agreement wherein the Government offered to dismiss Count One of the Indictment in exchange for Petitioner's plea of guilty to Counts Two and Three. (See Ex. A, filed under seal.) On April 24, 2003 the Government filed an Information pursuant to 21 U.S.C. §841(b) stating that for sentencing purposes Count One involved at least 222.77 grams of marijuana. (3:02cr235, Doc. No. 8). On the same day, the Government also filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that the Government would rely on his prior felony drug conviction for an enhanced statutory penalty at sentencing on Count One (Id., Doc. No. 7.) Several months later, on September 9, 2003, the Government sent defense counsel a revised plea agreement, again offering Petitioner the opportunity to plead guilty to Counts Two and Three in exchange for a dismissal of Count One. (See Ex. B, filed under seal.) On November 17, 2003, Petitioner proceeded to a jury trial before the Honorable James C. Cacheris.[1] The next day, November 18, 2003, the jury returned verdicts of guilty on all counts of the Indictment.

According to the record, Petitioner, through counsel, moved for dismissal at the conclusion of the Government's evidence, which was denied. (Trial Transcript at 219-220.) The record further

---

[1] Judge Cacheris of the Eastern District of Virginia, presided over this trial as a visiting judge.

shows that Petitioner's attorney requested a jury instruction on the lesser included offense of simple possession, arguing that the jury could infer from the evidence that Petitioner was in possession of user amounts. (Id. at 229.) The Court denied the request, finding that the instruction was not warranted based on the testimony on Agent Blacknall and Officer Scheppegrell that the amount of marijuana found in Petitioner's residence was not a user amount and that there was no evidence to refute the officers' testimony. (Id. at 232.)

On March 18, 2004 the Probation Office completed the Presentence Report ("PSR") in preparation for Petitioner's sentencing. The PSR calculated Petitioner's base offense level as 8, based on Petitioner's responsibility for at least 250 grams, but less than one kilogram of marijuana (PSR ¶ 19.) However, the criminal history portion of the PSR chronicled an extensive criminal history. The most serious of these offenses included two counts of assault with a deadly weapon, two counts of assault on a female, one count of common law robbery, and one count of selling or delivering cocaine, thus qualifying Petitioner as a career offender pursuant to U.S.S.G. §4B1.1 and establishing an offense level of 24 for Count Two. (PSR ¶ 25.) Pursuant to U.S.S.G. § 3D1.3(b), the adjusted offense level for Counts One and Two became level 24. (Id. ¶ 31.) However, because Petitioner's conviction on Count Three was a conviction under 18 U.S.C. § 922(g) and because Petitioner had two prior violent felony convictions and a serious drug offense, he was subject to a mandatory range of fifteen years to life pursuant to 18 U.S.C. § 924(e) and was determined to be an armed career criminal pursuant to U.S.S.G. § 4B1.4. Consequently Petitioner's offense level rose to level 34 pursuant to U.S.S.G. § 4B1.1, rather than level 24. (Id. § 35.) Petitioner's criminal history points totaled seven, resulting in a criminal history category of IV; however, U.S.S.G. § 4B1.4(c)(2) provides that the criminal history of an armed career criminal shall be VI, if the

3

defendant used or possessed a firearm in connection with a controlled substance offense. Accordingly, Petitioner's offense level of 34 with a criminal history category VI yielded a Guideline range of 262 to 327 months in prison plus a mandatory consecutive sentence of five years for the § 924(c) conviction charged in Count Two, for a total Guidelines range of 322 to 387 months in prison. (Id. ¶¶ 38, 94.) Petitioner did not file objections to the PSR.

On October 4, 2004 Petitioner appeared before Judge Cacheris for sentencing. Petitioner orally contested the determination that he was an armed career criminal (Sentencing Transcript at 8-9.) Thereafter, the Court found that the probation officer had appropriately calculated Petitioner's criminal history as category as VI, adopted the PSR and sentenced Petitioner to a total of 322 months imprisonment. (Judgment, filed November 1, 2004.)

On October 5, 2004, Petitioner filed a timely Notice of Appeal. On Appeal Petitioner challenged the Court's denial of his motion for judgment of acquittal on Count Two, arguing that th evidence presented at trial was insufficient to sustain his § 924(c) conviction. On August 9, 2005, the Fourth Circuit Court of Appeals affirmed Petitioner's § 924(c) conviction, holding that "there was sufficient evidence to support the jury's conclusion that [Petitioner] possessed the firearm in furtherance of his drug trafficking activities." United States v. William Crawford, No. 04-4864 (4th Cir. Aug. 9, 2005). Petitioner did not file a petition for writ of certiorari.

On June 26, 2006, Petitioner filed the instant Petition alleging numerous claims of ineffective assistance of counsel at all stages of the criminal proceedings. Petitioner also contends that his sentence and conviction violate the "First, Fourth, Fifth, Sixth and Eight [sic] Amendments to the Constitution," namely his right to freedom of speech, freedom from unreasonable search and seizure, due process of law, right to counsel and a jury trial, and his right to be free from cruel and unusual

4

punishment.² (Motion at 6.)  However, while Petitioner attempts to challenge his conviction and sentence pursuant to a multitude of ineffective assistance of counsel claims, it seems that the gravamen of his motion is that he disputes being sentenced as an armed career criminal.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's Motion to Vacate should be denied and dismissed. That is, the Court finds that the instant record and legal precedent makes it clear that counsel was not deficient.

## II. ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992)

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

---

² To the extend that these issues were not raised on direct appeal, they are procedurally barred. United States v. Frady, 456 U.S. 152, 165-66 (1982); see also Bousley v. united States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." However, Petitioner's ineffective assistance of counsel claims, while not raised on direct appeal, may generally be raised for the first time in a § 2255 motion. Id. at 621-22. Therefore, the Court will limit its analysis to Petitioner's ineffective assistance of counsel claims.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983).

**A. Petitioner Received Effective Assistance of Counsel Before Trial**

Petitioner claims that his attorney failed to advise him concerning the strength of the Government's case against him, failed to advise him that he could plead guilty with or without a plea agreement, and failed to advise him of the benefits of pleading guilty as opposed to proceeding to trial. He alleges that he was prejudiced by these alleged deficiencies because he was sentenced to an enhanced sentence. Specifically, Petitioner contends that had he pled guilty prior to the Government's filing of the § 851 notice on April 24, 2003, he would not have been subject to an enhanced sentence on Count One; he would have received three points for acceptance of responsibility and he would not have been determined to be an armed career criminal.

First, Petitioner's trial counsel, John Nickerson, makes clear in his affidavit that he did, in fact, inform Petitioner of the plea agreement offered by the Government and explained the potential sentencing benefits of accepting that plea offer. Mr. Nickerson asserts that he discussed the revised plea agreement with Petitioner prior to the plea agreement deadline of September 19, 2003.

6

Specifically, Mr. Nickerson states that he focused on paragraphs 7(b) and (c) of the revised plea agreement which provided for a reduction in sentence pursuant to U.S.S.G. § 3E1.1(b)(2) for acceptance of responsibility. Mr. Nickerson avers that he also advised Petitioner of his right to plead guilty without the benefit of a plea agreement so as to preserve his right to challenge his conviction or sentence on appeal. Finally, Mr. Nickerson alleges that he did explain the he had little chance of successfully defending the charges against Petitioner at trial. In connection with explaining Petitioner's options, counsel avers that he reviewed the sentencing chart in the Guidelines with Petitioner; Petitioner's likely criminal history calculation and the sentence Petitioner likely faced if he accepted the plea. Petitioner then considered his age and determined that he stood nothing to lose by going to trial. (See Nickerson Affidavit, exhibit to Motion for Summary Judgment.) Notably, Petitioner does not deny reviewing the revised plea agreement with counsel. Instead, he generally denies that counsel discussed his options with him. The Court finds Mr. Nickerson's affidavit to be credible. Such affidavit makes clear that Petitioner was adequately advised of the risks and benefits of accepting the plea agreement and that Petitioner made an informed decision to proceed to trial. It is clear that Petitioner now regrets that choice and is attempting to place all the blame for his decision to proceed to trial on his attorney. However, Petitioner must take responsibility for the decision to go to trial. It appears from counsel's affidavit that counsel advised Petitioner of his options and that Petitioner chose to proceed to trial. Accordingly, Petitioner cannot show that counsel's pretrial performance was deficient, as alleged.

Moreover, with respect to Petitioner's allegation that he was not informed of the strength of the Government's case against him, the Government notes that in addition to Mr. Nickerson advising him that the probability of success at trial was low, (See Nickerson Affidavit, attached to Motion for

7

Summary Judgment), the record from Petitioner's arraignment reflects that the Government advised the Court, in the presence of the Petitioner, of the strength of the Government's case based on officers finding in excess of 250 grams of marijuana together with a loaded gun and that Petitioner admitted ownership of the marijuana and that the gun was not stolen. The Government also advised the Court that Petitioner had convictions for prior felonies, was considered dangerous, and was facing a lot of time in prison if convicted on the charges. (Transcript of Arraignment at 3.) Therefore, the record reflects that Petitioner was advised of the strength of the Government's case as well as the risk that he would be sentenced to a lengthy term of imprisonment.

Next, Petitioner contends that had his attorney given him appropriate legal advise regarding the ramifications of pleading, he could have plead prior to April 24, 2003, the date the Government filed the § 851 notice and consequently avoided enhancement to his sentence.[3] Petitioner argues that if he had been able to plead prior to the § 851 notice, he would have received a sentence in the Guideline range of 63-78 months. Petitioner is mistaken.

Petitioner's sentence was determined not based on the prior conviction noted in the § 851 notice, but rather was based on the fact that his criminal history qualified him as an armed career criminal pursuant to U.S.S.G. § 4B1.4. Whether Petitioner plead pursuant to a plea agreement or without a plea agreement, he would have still been sentenced as an armed career criminal which requires a mandatory minimum sentence of fifteen years in prison. See 18 U.S.C. § 924(e)(1). Petitioner's offense level would still have been 34 and his criminal history category would have

---

[3] The Court notes that while the § 851 Notice was filed on April 24, 2003, Petitioner was offered a revised plea agreement on September 9, 2003 which expired on September 19, 2003, offering Petitioner the opportunity to plead guilty to Counts Two and Three in exchange for a dismissal of Count One.

remained VI. The only benefit Petitioner might have gained from pleading guilty is a possible three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, in which case Petitioner's adjusted offense level would have been reduced to a 31, which combined with a criminal history VI, would have generated a guideline range of 188-235 plus the mandatory 5-year consecutive for Count Two, yielding a total Guideline range of 248-295 months. While this Guideline range is less than the 322 to 387 months imprisonment that Petitioner received after his jury trial, it is certainly more than the 63 to 78 month Guideline range claimed by Petitioner. Furthermore, counsel's affidavit, which this Court finds credible, makes clear that Petitioner was advised of the availability of a reduction for acceptance of responsibility if he pled guilty and Petitioner exercised his right to proceed to trial. Therefore, Petitioner has not met his burden in demonstrating that his counsel was ineffective prior to trial.

### B. Petitioner Received Effective Assistance of Counsel at Trial

Petitioner contends that his attorney was ineffective for failing to object to the Government's use of "mug shots" to identify him, Crystal Owens, Juwain Davis and Reginald Edwards. Petitioner argues that such photographs prejudiced him in the eyes of the jury. Specifically, Petitioner contends that such photos are prejudicial because they informed the jury of Petitioner's prior record. However, the record shows that the photographs were arrest photos, not mug shots, and were used to corroborate the identity of those involved in the criminal activity that led to Petitioner's arrest. Furthermore, the arrest photographs did not contain references to prison dates or incarceration and were therefore not prejudicial to Petitioner. See United States v. Johnson, 495 F.2d 378, 383-84 (4th Cir. 1974). The Court notes that while Petitioner contends his attorney did not object to the introduction of the photos, the record reflects that counsel did object to exhibit 4G because it showed

9

the Petitioner "in cuffs." The Court overruled counsel's objection reasoning that because it was clear that Petitioner was arrested in this case, "I think you can assume he had handcuffs on." (Trial Transcript, Vol. I at 125.) The same reasoning applies to Crystal Owens, Juwain Davis and Reginald Davis (Trial Transcript Vol. I at 46, Ex. 37; at 51, Ex. 35; at 119, Ex. 19.) The jury was told that they had been arrested, so an arrest photo of these individuals, introduced into evidence for the purposes of identification, would not be prejudicial to Petitioner. Moreover, during the government's case, the Court instructed the jury that Petitioner was charged in the Indictment with the "last buy" on August 19. The Court further instructed that any evidence of earlier "buys," which show that on different occasions, Petitioner engaged in similar conduct to the charges in the indictment, may not be considered as a substitute for proof that the Petitioner had a criminal personality or bad character. (Trial Transcript, Vol. I at 71.) Juwain Davis and Reginald Edwards were involved in the earlier buys with the Petitioner, therefore the limiting instruction by the Court was for the purpose of protecting Petitioner form prejudice. Petitioner has not established that his counsel was ineffective for failing to object to photographic identification evidence, therefore his ineffective assistance of counsel claim is denied.

Next, Petitioner contends that his attorney was ineffective at trial because he failed to request that certain definitions and instructions be included in the Court's charge to the jury. Specifically, Petitioner first contends that he was entitled to a jury instruction on "reasonable foreseeability." Such an instruction is applicable to a charge of conspiracy but is not applicable to the offenses of possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841, in which case the issue is the quantity of drugs actually possessed, not the amount reasonably foreseeable to a defendant in the context of a conspiracy. The amount of drugs attributable to Petitioner was based

on undercover buys and the marijuana seized during the search of his residence. In the context of possession with intent to distribute marijuana, which is what Petitioner was charged with in the instant case, an instruction on "reasonable foreseeability" was not appropriate. Therefore, Petitioner's counsel was not ineffective for failing to request an instruction on "reasonable foreseeability."

Petitioner also contends that his counsel was ineffective for failing to request a jury instruction on the term "mixture" to determine the amount of controlled substance attributable to Petitioner. Petitioner is incorrect as no such instruction is required in the context of his case. The type of substance was not at issue in this case because the parties stipulated that the drug was marijuana. (See Trial Transcript, Vol. II at 278.) Therefore, a definition of "mixture" was not necessary or appropriate in this case and Petitioner's counsel was not ineffective for failing to request an instruction on the term "mixture."

Next, Petitioner claims that he was entitled to an instruction on the principle of sentencing entrapment. The concept of sentencing entrapment, usually advanced as a basis for downward departure at sentencing, is not a jury issue and is not a principle recognized by the Fourth Circuit. See United States v. Jones, 18 F.3d 1145, 1152 (4th Cir. 1994). Therefore, counsel was not ineffective for failing to ask for an instruction on sentencing entrapment.

Finally, Petitioner alleges that his attorney was ineffective for failing to request an instruction on a lesser included offense. However, the record shows that Petitioner's attorney requested that the jury be instructed on "lesser included simple possession" and tendered the requested instruction to the Court. (Trial Transcript, Vol. II at 229.) The Court allowed argument and concluded that the instruction was not warranted. The Court based its ruling on the testimony of Officers Scheppegrell,

Scharf and Blacknall that the amount of the marijuana found at Petitioner's residence was not a user amount and that there was no evidence to refute the officers' testimony. (Id. at 229-232.) The Court cited to several Fourth Circuit cases to support its conclusion. (Id. 230-232.) Petitioner has not established that counsel's performance was deficient, therefore his claim of ineffective assistance of counsel fails.

**C. Petitioner Received Effective Assistance of Counsel at Sentencing**

Petitioner contends that his counsel was ineffective for failing to object at sentencing to the enhancement of his sentence based on prior convictions that were neither alleged in the Indictment nor presented to the jury and by failing to investigate and object to false and unreliable evidence used to enhance his sentence as an armed career criminal. These claims are without merit and will be denied.

First, prior convictions used to enhance a defendant's sentence need not be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. See United States v Cheek, 415 F.3d 349, 354 (4th Cir. 2005) ("[i]t is . . . abundantly clear that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.").

Next, Petitioner challenges the convictions used to enhance his sentence under the Armed Career Criminal Act ("ACCA") and alleges that his counsel was ineffective for failing to object to his sentence enhancement under the ACCA. Specifically, Petitioner contends that two counts of assault with a deadly weapon in 1989 and his assault with a deadly weapon in 1992 were consolidated for judgment and therefore only constitute one conviction. Further, Petitioner alleges

12

that the assault with a deadly weapon (case number 89CRS40420) was dismissed and that the assault with a deadly weapon (case number 89CRS58538) involved the same harm as case number 89CRS40420. Likewise, he claims that the 1993 cocaine conviction does not constitute a serious drug offense arguing that his conviction was only for simple possession of cocaine because his conviction was "erroneously . . . labeled 280 grams when it was actually .028 grams . . . the equivalent of 1 rock of cocaine," (Motion at 48), and that the records are inaccurate and were improperly submitted to the Court.

The ACCA provides that a defendant convicted of a weapons offense under 18 U.S.C. § 922(g) shall receive a minimum 15 year sentence if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Petitioner contends that he does not have the requisite number of prior offenses. However, a review of the PSR establishes that Petitioner had six predicate violent felony convictions and a serious drug conviction qualifying Petitioner for an enhanced sentence pursuant to 18 U.S.C. § 924(e); breaking, entering and larceny in1984 (PSR ¶ 42); assault with a deadly weapon in 1984 (Id. ¶ 44); assault on a female in 1986 (Id ¶ 45) two counts of assault with a deadly weapon and common law robbery in 1989 (Id. ¶ 48); assault on a female in 1992 (Id. ¶ 51); and sell or deliver cocaine in 1993 (Id. ¶ 52.)

Petitioner contends that his counsel was ineffective in failing to challenge these convictions and because he did not have an opportunity prior to sentencing to review the PSR with his counsel. First, the record at sentencing reflects that the Court inquired whether Petitioner had gone over the PSR with his attorney. When Petitioner replied that he had not gone over it with his attorney, the Court took a recess to allow counsel time to review the PSR with Petitioner. (Sentencing Transcript

at 2.) The Court came back from recess and inquired if Petitioner had gone over the PSR with counsel. Petitioner stated that they had briefly reviewed the PSR and the Court allowed Petitioner to orally object to his criminal history. Although Petitioner claims that his counsel did not review the PSR with him prior to sentencing, this Court did allow for a recess so that counsel could review the PSR with Petitioner. Therefore, Petitioner has not established prejudice in connection with his claim that his counsel was ineffective for failing to review the PSR with him prior to sentencing.

With respect to his claim that his counsel was ineffective for failing to object to his criminal history calculation which supported an enhancement under the ACCA, Petitioner has not established that his counsel was deficient. Petitioner contends that the 1989 assaults with a deadly weapon and the 1992 assault on a female were consolidated for sentencing and count as only one conviction. However, the PSR does not show that Petitioner's cases were consolidated for sentencing. Moreover, prior crimes that were committed on different occasions from one another but in which sentences were imposed in the same proceeding are considered separate crimes of conviction for purposes of an enhanced sentence under the ACCA. See United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999); United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998); United States v. Letterlough, 63 F.3d 332, 335-36. "Nothing in § 924(e) or the Guidelines suggests that the offenses must be tried or sentenced separately in order to be counted as separate predicate offenses. The only requirement is that the predicate offenses be 'committed on occasions different from one another." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir.1992). Petitioner has not established that his counsel was deficient for failing to object to his criminal history points regarding his alleged consolidated cases. Moreover, the Court did allow Petitioner to make an argument concerning the calculation on his criminal history points specifically related to whether his prior convictions were

14

consolidated and the Court decided to adopt the findings contained in the PSR. Therefore, Petitioner cannot establish prejudice in connection with his counsel failing to make this argument.

Petitioner further contends that his 1993 state conviction for sell or deliver cocaine does not qualify as a serious drug conviction because the offense involved .028 grams of cocaine instead of 280 grams set forth in the PSR. He contends that his counsel was ineffective for failing to raise this argument. Petitioner offers no affirmative evidence to discount this conviction. Further, even if Petitioner were correct that the amount of cocaine represented in his PSR is incorrect and even if he were correct that his 1989 assault with a deadly weapon conviction and 1992 conviction for assault on a female were to count as one conviction, his 1984 conviction for assault with a deadly weapon, 1986 conviction for assault on a female, 1989 conviction for common law robbery and his alleged consolidated 1989 and 1992 conviction would still qualify him for an enhanced sentence under the ACCA. Petitioner's attorney cannot be deemed ineffective for failing to raise a meritless argument, therefore, Petition's claim that his counsel was ineffective at sentencing is denied. Furthermore, if the drug amount listed in the PSR had been incorrect when he was sentenced in 2004, Petitioner had a duty to pursue that in state court and provide such evidence to this Court with his § 2255 motion, which he did not do. Petitioner is still contending that the quantity is wrong, but has provided no evidence to establish his claim. For the reasons stated, Petitioner's claim that his counsel was ineffective for failing to contest his underlying convictions which supported an enhancement under the ACCA is denied.

**D. Petitioner Received Effective Assistance of Counsel on Appeal**

Petitioner contends that his appellate counsel was ineffective for only raising sufficiency of the evidence on appeal. Specifically, Petitioner contends that counsel should have challenged the

alleged jury instructions raised herein; should have raised <u>Apprendi</u> errors, should have challenged Petitioner's sentence as an armed career offender and should have petitioned the Supreme Court for a writ of certiorari in order to preserve a claim under <u>Booker</u>.

First, as discussed in the previous section, Petitioner's counsel was not ineffective for failing to request certain jury instructions. The instructions to the jury were appropriate, therefore, appellate counsel was not ineffective for failing to raise the issue on appeal. Next, prior convictions used as a basis for sentencing enhancements need not be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir. 2005). Therefore, appellate counsel was not ineffective for failing to raise an <u>Apprendi</u> (and its progeny) argument on appeal. Next, the enhancements to Petitioner's sentence were appropriately based on his criminal history and Petitioner was correctly sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). Therefore, had appellate counsel raised these issues on appeal, they would have constituted frivolous claims. Moreover, appellate counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are therefore worth bringing. <u>See</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 751-54 (1983); <u>Fisher v. Lee</u>, 215 F.3d 438, 457 (4th Cir. 2000). Counsel is not required to assert all non-frivolous issues on appeal. <u>See</u> <u>Jones</u>, 463 U.S. at 751-52. The record shows that appellate counsel raised what he deemed to be the most meritorious issues on appeal. (Lee Affidavit, attached to Motion for Summary Judgment.)

Petitioner also claims that appellate counsel was ineffective on appeal for failing to petition the Supreme Court for a writ of certiorari. In the case of an unsuccessful appellant represented by counsel, the attorneys' responsibilities are outlined in the plan adopted by the Fourth Circuit Judicial Counsel implementing the Criminal Justice Act of 1984. See 18 U.S.C. § 3006A. The Fourth

Circuit plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶ 2 (July 14, 2005).

In the instant case, Petitioner's counsel did inform him in writing of his right to petition the Supreme Court. (See Lee Affidavit ¶ 3; August 9, 2005 letter from Lee to Petitioner attached to Lee affidavit.) Petitioner's appellate counsel, Mr. Lee, stated that he received a letter from Petitioner dated March 27, 2006 requesting advice on how to attack his state conviction. (Lee Affidavit ¶ 5.) However, Petitioner does not argue that he requested counsel, in writing, to file a petition for writ of certiorari. Therefore, his claim that his counsel should have filed a petition for writ of certiorari fails and his counsel was not ineffective for failing to file a writ of certiorari on his behalf.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED** and **DISMISSED.**

**SO ORDERED**.

Signed: April 15, 2008

Richard L. Voorhees
United States District Judge